**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ANTHONY JAMES BRAXTON,

        Plaintiff,

v.                                      CIVIL ACTION NO. 5:06-cv-00856

SOUTHERN REGIONAL JAIL, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

        Anthony James Braxton, ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 challenging certain conditions of his confinement as violating the Eighth Amendment's prohibition against cruel and unusual punishment. On October 4, 2006, this Court referred Plaintiff's Complaint [Docket No. 1] to Magistrate Judge Stanley for proposed findings of fact and a recommendation ("PF&R") [Docket No. 4]. At the time Plaintiff filed his Complaint, he was incarcerated at the Southern Regional Jail in Beaver, West Virginia.

        Plaintiff alleges that, on more than one occasion, he was attacked by "white supremacist" inmates that tossed make-shift bombs into his cell [Docket No. 1 p.5]. Plaintiff alleges that the make-shift bombs were constructed with items purchased by his attackers at the jail commissary, specifically, toothpaste and Efferdent® [Docket No. 1 p.6]. Plaintiff names the Southern Regional Jail, the jail commissary, and the Bob Barker Company, Inc. ("Bob Barker") (the alleged manufacturer of the toothpaste) as defendants. In short, Plaintiff alleges that employees of the Southern Regional Jail were aware of the bombing incidents but failed to monitor his alleged

attackers when they purchased items at the jail commissary. Plaintiff further alleges, *inter alia*, that Bob Barker was negligent in its design of the toothpaste tube because the tube's content is pressurized, which facilitates the explosiveness of the make-shift bomb when its product is combined with Efferdent®, which allegedly contains the chemical element, Chlorine [Docket No. 1 p.6]. On October 30, 2006, Plaintiff filed a Motion to Amend his Complaint [Docket No. 9] seeking to dismiss the Southern Regional Jail as a defendant and to add three individual employees of the West Virginia Jail Authority, as well as the Administrator of the Southern Regional Jail. See Id.

On October 12, 2006, Magistrate Judge Stanley entered a Memorandum Opinion and Order denying Plaintiff's Application to Proceed Without Payment of Fees because Plaintiff had filed at least three civil actions while incarcerated, all of which were dismissed under 28 U.S.C. § 1915(g) [Docket No. 7]. She then ordered Plaintiff to pay the $350.00 filing fee by November 1, 2006. Id. On October 20, 2006, however, Plaintiff filed an additional letter-form motion to proceed in forma pauperis and for an enlargement of time to pay the $350.00 filing fee. Magistrate Judge Stanley treated the letter-form motion as an objection to her October 12, 2006 Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. On November 30, 2006, before the Court could rule on Plaintiff's objection, Plaintiff filed a Notice of Change of Address, which indicated that he had been released from custody [Docket No. 11].

Plaintiff's release from custody caused Magistrate Judge Stanley to vacate her October 12, 2006 Order because, under DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003), she was required to assess Plaintiff's eligibility to proceed in forma pauperis under his new status as a non-incarcerated individual [Docket No. 12]. Magistrate Judge Stanley ordered the Clerk to send

Plaintiff a new application to proceed in forma pauperis. Plaintiff was ordered to either pay the filing fee or to complete the new application and return it to the Clerk's office by February 23, 2007 [Docket No. 12].

On March 16, 2007, Plaintiff had neither paid the $350.00 fee nor had he filed a new application to proceed in forma pauperis. On that same date, Magistrate Judge Stanley issued a PF&R recommending the dismissal of Plaintiff's Complaint without prejudice for failure to prosecute [Docket No. 13]. On March 23, 2007, however, before the Court considered Magistrate Judge Stanley's PF&R, Plaintiff filed a new application to proceed in forma pauperis [Docket No. 15]. As a result, Magistrate Judge Stanley withdrew her March 16, 2007 PF&R, and examined the viability of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

On March 29, 2007, Magistrate Judge Stanley issued a PF&R recommending the dismissal of Plaintiff's Complaint with prejudice because he failed to state a claim upon which this Court could grant relief [Docket No. 17]. Specifically, Magistrate Judge Stanley found that plaintiff failed to allege that he suffered a "serious or significant" physical injury resulting from the make-shift bombing incidents and thus his Complaint failed to state a colorable claim under Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Specifically, Magistrate Judge Stanley found that Plaintiff's assertion that he was forced to flush his eyes with water after the bombing incidents did not rise to the level of a "serious or significant" physical injury as contemplated by Strickler. 989 F.2d at 1379. In addition, Plaintiff failed to offer any evidence to substantiate that the make-shift bombs caused him physical injury. Magistrate Judge Stanley also recommended that this Court dismiss Plaintiff's Motion to Amend his Complaint as moot because Plaintiff failed to state a claim upon which relief could be granted as to any named or proposed defendant [Docket No. 18].

The Court adopts Magistrate Judge Stanley's recommendations. "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." Strickler, 989 F.2d at 1381.

In addition, Plaintiff's claim against the Bob Barker Company does not allege a sufficient prima facie case of design defect under West Virginia products liability law, if this is in fact Plaintiff's intended claim. Based on the facts contained in the Complaint, plaintiff does not assert that the product left the seller's control in a defective condition, and plaintiff has neither asserted nor claimed that the Bob Barker Company could have foreseen that its toothpaste product would be used in combination with Efferdent® to create a make-shift prison bomb. See Morningstar v. Black and Decker Mfg. Co., 253 S.E.2d 666, 676-78 (W. Va. 1979) (addressing prima facie elements for products liability claims under West Virginia law).

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Stanley's PF&R were due on April 13, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, no objections have been filed.

Accordingly, the Court hereby (1) **DISMISSES** Plaintiff's Complaint [Docket No.1] with prejudice; (2) **DENIES** Plaintiff's Motion to Amend his Complaint as **MOOT** [Docket No. 9]; and (3) **DIRECTS** the Clerk to remove this action from the Court's active docket.

The Clerk is further **DIRECTED** to provide a copy of this Order to all counsel of record, the petitioner, *pro se*, and Magistrate Judge Stanley.

ENTER: April 27, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE